UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- )
MELISSA CORREA,                                                  )
                                                                 ) Case No: _____
                          Plaintiff,                             )
                                                                 ) Assigned Judge: _____
     -against-                                                   )
                                                                 )
UNITED STATES OF AMERICA,                                        )
                                                                 )
                          Defendant.                             )
---------------------------------------------------------------- )

## COMPLAINT

Plaintiff, **MELISSA CORREA**, by and through her attorneys, the LAW OFFICES OF SOBO & SOBO, LLP, as and for her complaint against Defendant, United States of America, alleges as follows:

### BACKGROUND

1. This is an action against the United States of America under the Federal Tort Claims Act 28 U.S.C. §§ 1346(b), 2671 *et seq.* brought by Plaintiff, Melissa Correa, and seeking damages arising from Defendant United States of America's (hereinafter "Defendant" or "United States") negligence and other wrongful acts, that resulted in personal injuries sustained by Plaintiff, Melissa Correa.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.

3.	Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq*.

4.	Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., Plaintiff presented her claim to the appropriate federal agency, namely the United States Postal Service, for administrative settlement under the FTCA. Over six months have elapsed and the Defendant has failed to respond to Plaintiff's claims.

5.	This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and that more than six months has passed since Plaintiff presented her claim to the appropriate agency which has not ruled on Plaintiff's claim.

6.	Venue is proper in that the negligent acts alleged herein were committed in whole or in part in said district, and because Plaintiff resides therein.

## PARTIES

7.	Plaintiff, Melissa Correa, is over 18 years of age and resides in Queens County, State of New York and resides at 1920 Herman Street, County of Queens and State of New York.

8.	The Defendant, THE UNITED STATES OF AMERICA, is subject to suit for injuries caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

## FACTUAL ALLEGATIONS

9. That at all times hereinafter mentioned, upon information and belief, the Plaintiff, Melissa Correa, was and still is a resident of the County of Queens, State of New York, and resides at 1920 Herman Street, County of Queens and State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the United States Postal Service, was and still is an agency of the Defendant, UNITED STATES OF AMERICA.

11. That at all times hereinafter mentioned, upon information and belief, the United States Postal Service, was the titled and registered owner of a van motor vehicle bearing license plate number 6426168, for the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, John Doe, was the operator of the aforesaid United States Postal Service van motor vehicle bearing license plate number 6426168 for the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, John Doe, operated the aforesaid United States Postal Service van motor vehicle bearing license plate number 6426168 for the State of New York, with the with the express and/or implied permission, consent and knowledge of the aforementioned Defendant owner, UNITED STATES OF AMERICA.

14. That at all times hereinafter mentioned, upon information and belief, John Doe, was an employee of the United States Postal Service, and was acting within the scope of his employment, when Defendant's vehicle came into contact with the Plaintiff, a pedestrian.

15. That at all times hereinafter mentioned, the Plaintiff, Melissa Correa, was a pedestrian.

16. That at all times hereinafter mentioned, Woodward Avenue, at or near the intersection with Flushing Avenue, located in the Borough of Queens, County of Queens, and State of New York, was and still is a public highway and thoroughfare and was the situs of the accident herein.

17. On or about November 4, 2022, the aforementioned vehicle owned and operated by the Defendant, came into contact with the Plaintiff, a pedestrian and caused serious and permanent injuries.

## CAUSE OF ACTION – NEGLIGENCE

18. Plaintiff incorporates paragraphs "1" through "17" as if fully set forth herein.

19. The negligent, wanton, reckless and careless acts of the Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees were a cause of the accident and resultant injuries.

20. The Defendant was negligent, wanton, reckless and careless in allowing, causing and/or permitting the motor vehicle operated by its employee to come into contact with the Plaintiff; in failing to yield the right of way; in failing to take those steps necessary to avoid the contingency which herein occurred; in breaching a duty to motorists and pedestrians to operate the motor vehicle in a safe manner; in failing to keep the motor vehicle under proper control; in failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic conditions; in failing to properly keep and maintain the motor vehicle so as to prevent the contingency which herein occurred; in failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred; in failing to keep a proper lookout; in failing to stop and/or slow down; in violating the rules of the road; in failing to observe that degree of caution, prudence and care which

was reasonable and proper under the controlling circumstances; in acting with reckless disregard for the safety of others; and in failing to keep alert and attentive.

21. That the Defendant is liable to the Plaintiff upon the doctrine of res ipsa loquitur.

22. That by reason of the foregoing, the Plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; this Plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

Furthermore, this Plaintiff sustained a serious injury, as defined in the Insurance Law Section 5102(d) for the State of New York, and economic losses in excess of "basic economic loss" as set forth in Insurance Law Sections 5102 and 5104.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant, UNITED STATES OF AMERICA, as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For pre-judgment and post-judgment interest as allowed by law;

4. For costs of suit incurred herein; and

5. For such other and further relief as this court may deem just and proper.

Dated: Middletown, New York
       September 16, 2024

                                      Respectfully Submitted,

                                      **SOBO & SOBO, LLP**

                                      _____

                                      By: Matthew Samradli, Esq.
                                      One Dolson Avenue
                                      Middletown, New York 10940
                                      (845) 343-7626

**TO:**    **CHIEF COUNSEL TORTS GENERAL LAW**
            **SERVICE CENTER**
            USPS National Tort Center
            170 Market Street, Room 2400
            St Louis, MO 63155-9948

            **TORTS CLAIMS INVESTIGATIONS**
            New York 2 District
            P.O. Box 8304
            Melville, NY 11760-9331
            USPS Case No. 117-23-00562961A